UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELBROUN ABRAHAM ISAAC, | Case No. 2:25-cv-01978-CSK |
| Plaintiff, | |
| v. | ORDER |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

On November 19, 2025, the Court issued an Order to Show Cause why sanctions should not issue due to Plaintiff Elbroun Abraham Isaac's failure to appear at the initial scheduling conference on November 18, 2025. (ECF No. 31.) Plaintiff's counsel Marie Charlotte Ballon did not respond. *See* Docket. After careful consideration and review, the Court issues the following order sanctioning Plaintiff's counsel Marie Charlotte Ballon.

**I.    BACKGROUND**

On November 18, 2025, the Court held an initial scheduling conference at 10:00 a.m. in this action.[1] 11/19/2025 Minutes (ECF No. 30.) The scheduling conference was previously continued from October 24, 2025 to November 18, 2025 pursuant to the

---

[1]   This case proceeds before the undersigned pursuant to 28 U.S.C. § 636(c) for all purposes, including the entry of judgment, pursuant to the consent of all parties. (ECF No. 26.)

1

parties' stipulation. (ECF Nos. 28, 29.) At the initial scheduling conference on November 18, 2025, defense counsel timely appeared in-person, but Plaintiff's counsel Marie Charlotte Ballon did not appear. 11/19/2025 Minutes. Court staff called plaintiff's counsel at 10:37 a.m. and was informed by her office that she was out of the office. (*Id.*) No other counsel from her office appeared at the initial scheduling conference. (*Id.*) Court staff called the matter at 10:41 a.m. due to the non-appearance of Plaintiff's counsel. (*Id.*)

On November 19, 2025, the Court issued an Order to Show Cause why sanctions should not issue due to Plaintiff's failure to appear at the initial scheduling conference. 11/19/2025 Order to Show Cause (ECF No. 31). Plaintiff was ordered to file a written response with a signed declaration by close of business, November 25, 2025. (*Id.*) Plaintiff did not respond. *See* Docket.

On December 5, 2025, the Court ordered Plaintiff's counsel to appear in person on December 16, 2025 at 10:00 a.m. to show cause why sanctions should not issue pursuant to the Court's inherent authority and Local Rules for counsel's failure to appear at the November 18, 2025 initial scheduling conference and for counsel's failure to respond to the Court's November 19, 2025 Order to Show Cause. 12/5/2025 Order (ECF No. 33). Plaintiff's counsel was also ordered to serve a copy of the Court's December 5, 2025 Order on Plaintiff Isaac and to file a proof of service by close of business, December 10, 2025. *Id.* Plaintiff's counsel did not file a proof of service by the required deadline. *See* Docket. In addition, Plaintiff's counsel did not appear at the December 16, 2025 hearing. 12/16/2025 Minutes (ECF No. 34). Defense counsel appeared. *See id*. As of March 4, 2026, Plaintiff's counsel has not responded to or complied with the Court's multiple orders. *See* Docket.

## II.    LEGAL STANDARDS

"Within the federal system, each district court is authorized to govern and discipline its own bar." *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1198 (9th Cir. 1999). The district court may issue sanctions for violating its local rules, and also under its inherent authority. *See Fink v. Gomez*, 239 F.3d 989, 991-92 (9th Cir. 2001);

2

*Zambrano v. City of Tustin*, 885 F.2d 1473, 1480 (9th Cir. 1989). Before imposing sanctions on an attorney, the court must provide the attorney with notice and an opportunity to be heard. *Weissman*, 179 F.3d at 1198.  A separate sanctions hearing is not required when the attorney is given the opportunity to respond in writing. *Pac. Harbor Cap., Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000). "The opportunity to brief the issue fully satisfies due process requirements." *Id*. (citing *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 268 (10th Cir.1995); *Toombs v. Leone*, 777 F.2d 465, 472 (9th Cir.1985)).

"Broad deference is given to a district court's interpretation of its local rules." *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (citing *Christian v. Mattel, Inc*., 286 F.3d 1118, 1129 (9th Cir. 2002)). United States District Court for the Eastern District of California Local Rule 110 provides: "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

**III.    DISCUSSION**

Plaintiff's counsel's repeated failure to follow Court orders warrants sanctions. The Court provided counsel Ballon multiple opportunities to respond to why sanctions should not issue for her failure to appear at the initial scheduling conference and failure to respond to the Court's orders. *See* 11/19/2025 Order to Show Cause; 12/5/2025 Order. Plaintiff's counsel has not made any effort to respond to the Court's orders or appear at hearings as ordered. *See* Docket. Therefore, the Court concludes that Plaintiff's counsel, Marie Charlotte Ballon, is hereby personally sanctioned in the amount of $750. Ms. Ballon shall pay those sanctions to the Clerk of Court within fourteen (14) days of this order, and shall promptly file proof of payment with the Court once payment is made. Plaintiff's counsel is warned that continued failure to follow Court orders and failure to participate in this action may result in additional sanctions, including dismissal.

/ / /

/ / /

## IV.   CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1.   Attorney Marie Charlotte Ballon is personally sanctioned in the amount of $750. Within 14 days of the date of this Order, Ms. Ballon shall pay these sanctions to the Clerk of Court; and

2.   Ms. Ballon shall simultaneously file a notice once payment is made.

Dated:  March 5, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, isaa1978.25